OPINION OF THE COURT
Per Curiam.
The respondent acknowledges that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress by anyone, that he is represented by counsel, and that he is fully aware of the implications of its submission.
The respondent acknowledges that he was served with a petition, which contains 20 charges of professional misconduct, including allegations that he engaged in impermissible conflicts of interest, intentionally failed to advocate for his client, prejudiced and damaged his client in the course of the professional relationship, failed to represent his client within the bounds of the law, failed to safeguard funds entrusted to him as a fiduciary, converted funds entrusted to him as a fiduciary, engaged in conduct prejudicial to the administration of justice, engaged in conduct that adversely reflects on his fitness as a lawyer, misappropriated client funds, engaged in conduct involving fraud, deceit, dishonesty, and misrepresentation, and failed to withdraw from representing a client when he was required to do so. He acknowledges in his affidavit that he cannot successfully defend himself on the merits against such charges.
The respondent further acknowledges that the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) is currently investigating two additional complaints of professional misconduct against him, alleging, inter alia, a failure to promptly account for, pay or deliver, escrow funds to a third party, and threatening a party with criminal prosecution to gain advantage in a civil case. He acknowledges that if charges were brought upon these allegations, he could not successfully defend himself on the merits against such charges.
*165 The respondent’s resignation is submitted subject to any application by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers’ Fund for Ghent Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.
The Grievance Committee recommends the acceptance of the respondent’s resignation.
Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The disciplinary proceeding authorized by order of this Court dated January 9, 2012 is discontinued in light of the respondent’s resignation.
Mastro, A.RJ., Rivera, Skelos, Dillon and Angiolillo, JJ., concur.
Ordered that the resignation of Peter J. Mollo, admitted as Peter Joseph Mollo, is accepted and directed to be filed; and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter J. Mollo, admitted as Peter Joseph Mollo, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that Peter J. Mollo, admitted as Peter Joseph Mollo, shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter J. Mollo, admitted as Peter Joseph Mollo, shall continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if Peter J. Mollo, admitted as Peter Joseph Mollo, has been issued a secure pass by the Office of Court Administra *166 tion, it shall be returned, forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,
Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated January 9, 2012 is discontinued.